IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-77,003




EX PARTE EDWARD E. GRAF, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 87-1041-C IN THE 54TH DISTRICT COURT
FROM MCLENNAN COUNTY




            Per curiam.
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his conviction. Graf v.
State, 807 S.W.2d 762, 763 (Tex. App.—Waco 1990). 
            Applicant contends that the false testimony of arson investigators violated his right to due
process and that he is actually innocent. The State agrees that he is entitled to relief on his due
process claim, but contests the actual innocence ground. 
            The trial court held a hearing and has made findings of fact and conclusions of law. The trial
court determined that applications of scientific principles to fire investigation have advanced since
the time of applicant’s trial. As a result, the trial court concluded that critical aspects of expert
testimony concerning the cause of the fire in this case have since been disproven, and this false
testimony violated Applicant’s due process rights. The trial court also found that Applicant has not
proven his actual innocence by clear and convincing evidence. We agree with the trial court’s
recommendations as to both issues. False expert testimony at Applicant’s trial violated his due
process rights. Napue v. Illinois, 360 U.S. 264, 269 (1959); Ex parte Chabot, 300 S.W.3d 768,
771–72 (Tex. Crim. App. 2009). Relief is granted. The judgment in Cause No. 87-1041-C in the 54th
District Court of McLennan County is set aside, and Applicant is remanded to the custody of the
Sheriff of McLennan County to answer the charges as set out in the indictment. The trial court shall
issue any necessary bench warrant within 10 days after the mandate of this Court issues.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: March 27, 2013
Do not publish